UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

DARRAGH HAYDEN-POLIMENI and
SAMUEL LAM,

      Plaintiffs,

**JURY TRIAL DEMANDED**

v.

VICKSTER TWO, LLC, a Florida limited liability
company d/b/a SERAFINA WATERFRONT
TRATTORIA; and VICTORIA ANNECCA, an individual;
and, DOMINIC J. ANNECCA, an individual a/k/a
MICKEY ANNECCA,

      Defendants.
_____/

**COMPLAINT FOR DAMAGES**

Plaintiffs, DARRAGH HAYDEN-POLIMENI (hereinafter "HAYDEN-POLIMENI") and SAMUEL LAM (hereinafter, "LAM"), by and through their undersigned attorney, file this, their Complaint for Damages against Defendants VICKSTER TWO, LLC d/b/a SERAFINA WATERFRONT TRATTORIA (hereinafter, "SERAFINA"); VICTORIA ANNECCA; and DOMINIC J. ANNECCA a/k/a MICKEY ANNECCA. and states as follows:

**INTRODUCTION**

1. Both Plaintiffs bring this action to recover unpaid minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"). In addition, Plaintiff, HAYDEN POLIMENI, for himself only, brings a claim of retaliation in violation of 29 U.S.C. § 215.

## JURISDICTION

1. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1367. At all times pertinent to this Complaint, SERAFINA, was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, the Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

2. Defendants operated a restaurant. Plaintiffs' work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. Specifically, as part of their daily job duties, the Plaintiffs, as well as at least five other employees, handled food, drinks, coffee, plates, utensils, condiments, a computerized Point of Sales (P.O.S.) system, and other restaurant equipment that were manufactured outside the State of Florida.

3. During the relevant time period, Defendants employed two or more persons who were "engaged in commerce or in the production of goods for commerce," or "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. §203(s)(1)(A)(i).

4. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

5. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

6. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## VENUE

7. The venue of this Court over this controversy is based upon the following:

    a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida; and,

    b. Defendants are and continue to be a corporation and an individual doing business within this judicial district.

## PARTIES

8. At all times material hereto, Plaintiff, HAYDEN-POLIMENI, was and continues to be a resident of Broward County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

9. At all times material hereto, Plaintiff, LAM, was and continues to be a resident of Broward County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

10. At all times material hereto, SERAFINA was conducting business in Fort Lauderdale, Broward County, Florida—the location where Plaintiffs performed services for the Defendants.

11. At all times material hereto, Plaintiff, HAYDEN-POLIMENI, was an "employee" of the Defendants within the meaning of the FLSA.

12. At all times material hereto, Plaintiff, LAM, was an "employee" of the Defendants within the meaning of the FLSA.

13. At all times material hereto, Defendants were the employers of both Plaintiffs.

14. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

15. At all times material hereto, Defendants knowingly, willfully and maliciously failed to pay Plaintiffs their lawfully earned wages in conformance with the FLSA.

16. At all times material hereto, the SERAFINA was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

17. At all times material hereto, the work performed by the Plaintiffs was directly essential to the business performed by the Defendants.

18. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

19. Plaintiff, HAYDEN-POLIMENI worked for Defendants as a waiter during three different time periods: from about February 25, 2017 to about June 1, 2017; from about February 3, 2018 to about June 1, 2018; and, from about December 19, 2018 to about February 20, 2019.

20. On or about February 20, 2019, the Plaintiff HAYDEN-POLIMENI, during an employee meeting, complained to the Defendants about the Defendants' policy of stealing his tips—at a time when Defendants were taking a tip credit against the minimum wage for the Plaintiffs and other servers. As a result of complaining and his engaging in FLSA protected conduct, the Defendants terminated his employment on February 20, 2019—just moments after HAYDEN-POLIMENI had complained.

21. Plaintiff, LAM, was employed with the Defendants from about May 1, 2018 to about January 26, 2019.

22. The Defendants employed LAM as a waiter.

23. While the Plaintiffs were employed by the Defendants, the Defendants unlawfully availed themselves to an FLSA tip credit.

24. During the Plaintiffs' employment with the Defendants, the Defendants failed to satisfy all conditions precedent for taking a FLSA "tip credit."

25. During the Plaintiffs' employment, they were each paid less than the applicable minimum wage.

26. Defendants knowingly operated their business with a policy of not paying wages in conformance with the FLSA, to the Plaintiffs.

27. Defendants, VICTORIA ANNECCA and DOMINIC J. ANNECCA a/k/a MICKEY ANNECCA, were supervisors and/or owners who were involved in the day-to-day operations pf SERAFINA and/or were directly responsible for the supervision of Plaintiffs. Therefore, they are personally liable for the wage violations, described herein.

28. Defendant, VICTORIA ANNECCA and DOMINIC J. ANNECCA a/k/a MICKEY were directly involved in decisions affecting employee compensation and/or hours worked by Plaintiffs.

29. Plaintiff has retained Bober & Bober, P.A. to represent him in this litigation and have agreed to pay the firm a reasonable fee for its services.

### STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES) FOR PLAINTIFF, HAYDEN-POLIMENI

30. Plaintiff, HAYDEN-POLIMENI realleges Paragraphs 1 through 29 of this Complaint as if fully set forth herein.

5

31. Plaintiff, HAYDEN-POLIMENI's employment with Defendants was to consist of a normal workweek for which he was to be compensated at or above the FLSA minimum wage.

32. 29 U.S.C. § 206 requires that any employee covered by the FLSA be paid minimum wages.

33. Plaintiff, HAYDEN-POLIMENI received less than the minimum wage from the Defendants for his work hours. Moreover, the Defendants failed to pay Plaintiff, HAYDEN-POLIMENI for all hours worked.

34. The Defendants unlawfully availed themselves to an FLSA "tip credit" by failing to satisfy the conditions precedent prior to taking such a credit.

35. The Defendants acted willfully.

36. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff, HAYDEN-POLIMENI is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

a. judgment in her favor for all unpaid minimum wages due or payable;

b. liquidated damages;

c. attorneys' fees and costs pursuant to the FLSA;

d. post-judgment interests;

e. Recoupment of tips and/or other monies improperly deducted from the Plaintiff's wages and/or tips; and,

f. all other and further relief this Court deems to be just and proper.

## COUNT II

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES) FOR PLAINTIFF, SAMUEL LAM

37. Plaintiff, LAM realleges Paragraphs 1 through 19, and Paragraphs 21 through 29 of this Complaint as if fully set forth herein.

38. Plaintiff, LAM's employment with Defendants was to consist of a normal workweek for which he was to be compensated at or above the FLSA minimum wage.

39. 29 U.S.C. § 206 requires that any employee covered by the FLSA be paid minimum wages.

40. Plaintiff, LAM received less than the minimum wage from the Defendants for his work hours.  Moreover, the Defendants failed to pay Plaintiff, LAM for all hours worked.

41. The Defendants unlawfully availed themselves to an FLSA "tip credit" by failing to satisfy the conditions precedent prior to taking such a credit.

42. The Defendants acted willfully.

43. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff, LAM is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

a.   judgment in her favor for all unpaid minimum wages due or payable;

b.   liquidated damages;

c.   attorneys' fees and costs pursuant to the FLSA;

d.   post-judgment interests;

e.   Recoupment of tips and/or other monies improperly deducted from the Plaintiff's wages and/or tips; and,

f.   all other and further relief this Court deems to be just and proper.

# COUNT III

## RETALIATION IN VIOLATION OF 29 U.S.C. § 215
## (PLAINTIFF, HAYDEN-POLIMENI, ONLY)

44. Plaintiff, HAYDEN-POLIMENI realleges Paragraphs 1 through 29 as if fully stated herein.

45. The Plaintiff, HAYDEN-POLIMENI engaged in statutorily protected activity when he complained on or about February 20, 2019, to the Defendants about the Defendants' theft of his tips, and Defendants' violation of the FLSA.

46. The Plaintiff was terminated by the Defendants within minutes after complaining about the Defendants' tip theft and failure to comply with the FLSA.

47. Pursuant to 29 U.S.C. § 215, Plaintiff, HAYDEN-POLIMENI was entitled to engage in and assert activities and rights protected by the FLSA without retaliation.

48. A causal link exists between the Defendants' decision to retaliate against, and terminate HAYDEN-POLIMENI, and his engaging in activities protected by the FLSA.

49. Defendants' actions insofar as retaliating against and terminating the Plaintiff as set forth herein were not for legitimate, non-retaliatory reasons.

WHEREFORE, Plaintiff, HAYDEN-POLIMENI, respectfully requests that judgment be entered in his favor against the Defendants:

a. Declaring that Defendants retaliated against Plaintiff, HAYDEN-POLIMENI, asserting and engaging in activities protected by the FLSA;

b. Declaring that Defendants violated 29 U.S.C. § 215;

c. Awarding Plaintiff, HAYDEN-POLIMENI, back pay and front pay (through age 65), respectively, in the amount calculated;

d. Awarding Plaintiff liquidated damages in the amount calculated;

e. Awarding Plaintiff post-judgment interest;

f. Awarding Plaintiff compensatory damages for emotional pain, suffering and humiliation;

g. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to the FLSA;

h. Ordering reinstatement, and injunctive relief preventing Defendants from discriminating in the manner described above; and,

i. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: May 14, 2019.

                                        Respectfully submitted,

                                        BOBER & BOBER, P.A.
                                        Attorneys for Plaintiff
                                        2699 Stirling Road, Suite A-304
                                        Hollywood, Florida 33312
                                        Telephone: (954) 922-2298
                                        Facsimile: (954) 922-5455
                                        peter@boberlaw.com
                                        samara@boberlaw.com

                                        By: s/.  Peter Bober
                                            PETER J. BOBER
                                            FBN: 0122955
                                            SAMARA ROBBINS BOBER
                                            FBN: 0156248